ROBERT C. SCHLEIN
California State Bar No. 97876
401 "B" Street, Suite 2209
San Diego, CA 92101
Telephone:  (619) 235-9026
Email: robert@rcslaw.org

*Attorney for Herberth Morales-Sosa*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case:  08cr1808 |
| Plaintiff, | Date:  August 11, 2008<br>Time:  2 p.m. |
| v. | |
| HERBERTH MORALES-SOSA, | **NOTICE OF MOTION AND MOTION TO:** |
| Defendant. | **1) DISMISS THE INDICTMENT;**<br>**2) GRANT AN EVIDENTIARY HEARING** |

TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY, and
        DALE A. BLANKENSHIP, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on August 11, 2008 at 2 p.m., or as soon thereafter as counsel may be heard, the defendant, Herberth Morales-Sosa, by and through his counsel, Robert C. Schlein, will move this court to dismiss the indictment and acquit Mr. Morales-Sosa of all charges contained within, as well as grant an evidentiary hearing to allow exculpatory evidence to come to light.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

## MOTIONS

The defendant, Herberth Morales-Sosa, by and through his counsel, Robert C. Schlein, asks this Court pursuant to the United States Constitution, Federal Rules of Criminal Procedure 7(d), 12, 16, 26.2, 29, and all other applicable statutes and local rules for an order to:

1. Dismiss all counts of the indictment;
2. Grant an evidentiary hearing.

These motions are based on upon the instant motions, the notice of motions, the attached statements of facts and memorandum of points and authorities, the attached affidavit, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated:   July 28, 2008   /s/ROBERT C. SCHLEIN
Robert C. Schlein
Attorney-at-Law
Attorney for Defendant MORALES-SOSA
robert@rcslaw.org

ROBERT C. SCHLEIN
California State Bar No. 97876
401 "B" Street, Suite 2209
San Diego, CA 92101
Telephone: (619) 235-9026
Email: robert@rcslaw.org

*Attorney for Herberth Morales-Sosa*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case: 08cr1808 |
| Plaintiff, ) | Date: August 11, 2008 |
| ) | Time: 2 p.m. |
| v. ) | |
| HERBERTH MORALES-SOSA, ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND GRANT AN EVIDENTIARY HEARING** |
| Defendant. ) | |

I.

STATEMENT OF FACTS

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard. The government alleges the following:

"On or about March 20, 2008, within the Southern District of California, defendant, Herberth MORALES-Sosa, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, and the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's re-application for admission into the United States; in violation of Title 8 United States Code, Section 1326."

A discovery request was filed with the Court on July 18, 2008, with specific a request for any video surveillance tapes made of the area where Mr. Morales-Sosa was apprehended, from the period

1  plus or minus 30 minutes from the time of his apprehension. Mr. Morales-Sosa was arrested at an area
2  known as "Stewart's Bridge", approximately three miles west of the San Ysidro Port of Entry. Though the
3  requested discovery is yet to be revealed, it may show that Mr. Morales-Sosa was under constant
4  surveillance from the point of his entry into the United States until his apprehension. This concept, known
5  as "official restraint", renders an otherwise illegal entry into the United States into a non-entry for purposes
6  of section 1326. The pending discovery of surveillance tapes, radio calls or other evidence regarding Mr.
7  Morales-Saso's entry into the United States will hopefully elucidate that he was under constant surveillance
8  from the time he set foot on United States soil until the time he was arrested. If constant surveillance can
9  be shown, then Mr. Morales-Sosa never entered the United States for purposes of section 1326, and thus
10 must be acquitted of such charges. There are some discrepancies in the Border Patrol agent's reports, in
11 particular regarding time of apprehension and number of people apprehended. An evidentiary hearing,
12 complete with testimony of the agent's who apprehended Mr. Morales-Sosa, is instrumental in clarifying
13 the truth and allowing Mr. Morales-Sosa to prove his allegation of constant surveillance.

II.

THE COURT SHOULD ACQUIT MR. MORALES-SASO OF THE CHARGE OF BEING A DEPORTED ALIEN FOUND IN THE UNITED STATES BECAUSE MR. MORALES-SASO WAS NEVER FREE FROM OFFICIAL RESTRAINT.

18  It is well established that an "entry" has not been accomplished within the meaning of
19 federal immigration law until an individual is both: (1) physically present in the United States; and (2)
20 free from official restraint. United States v. Oscar, 496 F.2d 492, 493 (9th Cir. 1974). In the Ninth
21 Circuit, "mere physical presence on United States soil is insufficient to convict a person of being found
22 in the United States in violation of 8 U.S.C. Section 1326. United States v. Ruiz-Lopez, 234 F.3d 445,
23 448 (9th Cir. 2000). To have "entered" the United States under Section 1326, an alien must not only
24 have crossed our borders, but must be "exercising his free will" while physically present in this country.
25 United States v. Martin-Plascencia, 532 F.2d 1316, 1317 (9th Cir. 1976). Accordingly, if an alien enters
26 the United States free from official restraint, he or she has "entered" the country for the purposes of
27 Section 1326. Conversely, if the alien is not free from official restraint while in the United States, the
28 alien has not "entered" the United States as that term is used in Section 1326. United States v. Pacheco-

1  Medina, 212 F.3d 1162, 1163 (9th Cir. 2000).

2      The concept of official restraint includes continuous surveillance from the border.
3  "Under settled law, a person cannot be said to have been found in the United States, if he was under
4  constant observation by the governmental authorities from the moment he set foot in this country until
5  the moment of his arrest. United States v. Castellanos-Garcia, 270 F.3d 773, 775 (9th Cir. 2001). Thus,
6  in Pacheco-Medina, an alien who was watched by a surveillance camera as he scaled a fence at the
7  border, spotted as he dropped over onto United States soil and apprehended almost immediately by U.S.
8  customs agents was not free from official restraint, and therefore had not entered the United States.
9  Pacheco-Medina, 212 F.3d at 1165. This was true even though he was out of the agent's view for "a
10 split second as he rounded a corner." Id. at 1163.

11     Like Pacheco-Medina, Mr. Morales-Saso contends that he was under constant
12 surveillance during his entry into the United States, thus never free from "official restraint." He
13 maintains that he climbed a ladder to the top of the United States/ Mexico border fence and then fell
14 from the fence to the ground on the United States side, only traveling approximately 150 feet prior to his
15 apprehension. During his arrest, Mr. Morales heard one agent comment to another that Mr. Morales-
16 Sosa was, "the idiot who fell off of the fence." This comment evidences the fact that Mr. Morales-Saso
17 was being watched as he fell to the ground and onto United States soil. This implies that he was under
18 constant surveillance throughout his entry into the United State: climbing the fence, falling onto United
19 States soil and being almost immediately arrested. As he was apprehended shortly after his fall, and the
20 agent made it clear by his comment that the government had witnessed the fall, it seems clear that he
21 was being watched continuously from setting foot in the United States until his arrest. Additionally,
22 Agent's Webster's Record of Deportable/Inadmissable Alien for Mr. Morales-Sosa includes a Length of
23 Time Illegally in U.S. box that he completed with the phrase "at entry." This implies that Mr. Morales-
24 Sosa spent no actual time illegally in the United States, as he was apprehended at entry. This, coupled
25 with the fact that he was constantly watched during his entry, corroborates Mr. Morales-Sosa's

contention that he was at no time free from official restraint.  Thus, Mr. Morales-Saso never "entered" the United States within the meaning of Section 1326.

III.

### INCONSISTENCIES IN THE AGENT'S REPORTS WARRANT CLARIFICATION THROUGH AN EVIDENTIARY HEARING

Border Patrol Agent Andre Webster's narrative report states that, at the time of his arrest, Mr. Morales-Sosa indicated that he was entering the United States to visit his girlfriend.  Mr. Morales-Sosa claims that he never made such a statement.  Apart from this contention, there are other discrepancies and inconsistencies in the reports from the Border Patrol agents, specifically with regard to the time of arrest and number of persons discovered.  Agent Webster's probable cause statement lists the time he received the call regarding Mr. Morales-Sosa's entry as approximately 1:00 a.m.  The statement says that the call informed him of three persons.  However, also in the probable cause statement, Webster states that four individuals were apprehended.  Agent Webster's Record of Deportable/Inadmissible Alien for Mr. Morales-Sosa lists the time of his entry at 12:30 a.m., and only 1.5 miles west of San Ysidro, though the Probable Cause statement says 3 miles west of San Ysidro at 1:00 a.m.  The inconsistences regarding time of apprehension must be clarified in order for Mr. Morales-Sosa to prove that he was under official restraint at all times.  Agent Webster's "at entry" comment must also be explained more fully.   The resolution and explanation of the aforementioned issues and others are integral to Mr. Morales-Sosa's case and warrant further clarification and depth.   These discrepancies and inconsistencies could be clarified and resolved if the Court will grant the defendant's request for an evidentiary hearing.

///

///

///

V.

CONCLUSION

Though this motion may be submitted prematurely, we have requested discovery which should further illuminate Mr. Morales-Sosa's contention of being under "official restraint" throughout his entry into the United States. For the foregoing reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

Dated:       July 28, 2008          /s/ROBERT C. SCHLEIN
                                    Robert C. Schlein
                                    Attorney-at-Law
                                    Attorney for Defendant MORALES-SASO
                                    robert@rcslaw.org

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 08cr1808-IEG |
| Plaintiff, | ) | |
| v | ) | **CERTIFICATE OF SERVICE** |
| HERBERTH MORALES-SOSA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Robert C. Schlein, am a citizen of the United States and am at least eighteen years of age. My business address is 401 "B" Street, Suite 2209, San Diego, California, 92101.

I am not a party to the above-entitled action. I have caused service of:

**Notice of Motions**
**Motion to:   (1) Dismiss the Indictment**
**               (2) Grant an Evidentiary Hearing**
**Memorandum of Points and Authorities**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   1. Dale Blankenship, Assistant United States Attorney

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008.

                                          s/Robert C. Schlein
                                          ROBERT C. SCHLEIN

1