1   KAREN P. HEWITT
    United States Attorney
2   A. DALE BLANKENSHIP
    Assistant U.S. Attorney
3   California State Bar No. 235960
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6199/(619) 235-2757 (Fax)
    Email: Dale.Blankenship@usdoj.gov
6
    Attorneys for Plaintiff
7   United States of America

8                   **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,           )   Criminal Case No.  08CR1808-IEG
                                        )
11              Plaintiff,              )   Date:         September 2, 2008
                                        )   Time:         2:00 p.m.
12          v.                          )
                                        )   GOVERNMENT'S RESPONSE AND
13  HERBERTH MORALES-SOSA,              )   OPPOSITION TO DEFENDANT'S MOTIONS
                                        )   TO:
14              Defendant.              )
                                        )   (1)     COMPEL DISCOVERY;
15                                      )   (2)     DISMISS INDICTMENT;
                                        )   (3)     GRANT EVIDENTIARY HEARING;
16                                      )   (4)     COMPEL FURTHER DISCOVERY;
                                        )           AND
17                                      )   (5)     GRANT LEAVE TO FILE FURTHER
                                        )           MOTIONS.
18                                      )
                                        )   TOGETHER WITH STATEMENT OF FACTS,
19                                      )   MEMORANDUM OF POINTS AND
                                        )   AUTHORITIES AND
20                                      )
                                        )
21  _____)

22          COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

23  Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant U.S. Attorney, hereby

24  files its Response and Opposition to the motions filed on behalf of Herberth Morales-Sosa

25  ("Defendant").  This Response and Opposition is based upon the files and records of this case.

26  //

27  //

28  //

## I

## STATEMENT OF THE CASE

On June 4, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on June 26, 2008, and entered a not guilty plea. On August 13, 2008, the grand jury returned a one-count Indictment charging Defendant with attempted reentry after deportation in violation of Title 8, United States Code, Section 1326.

On July 18, 2008, Defendant filed a motion for discovery and leave to file further motions. On July 21, 2008, Defendant filed a motion to preserve evidence, however, Defendant did not file points and authorities in support of this motion, nor did he specify what evidence he seeks to preserve. On July 28, 2008, Defendant filed a motion to dismiss the indictment and grant an evidentiary hearing. On August 13, 2008, Defendant filed a motion to compel further discovery and leave to file further motions.

## II

## STATEMENT OF FACTS

### A.    INSTANT OFFENSE

On March 20, 2008, United States Border Patrol agents observed four individuals heading north of the area known as "Stewart's Bridge." This is an area is commonly used by undocumented aliens to further their entry into the United States. This area is located approximately 300 yards north of the United States/Mexico border and approximately 1.5 miles west of the San Ysidro, California, Port of Entry. The agents notified Border Patrol Agent Andrew H. Webster who then responded to the area.

Agent Webster arrived in the area at approximately 1:00 a.m., and began walking eastbound next to the Tijuana River. After traveling east along the river for approximately 100 yards, Agent Webster encountered four individuals, including the Defendant. Agent Webster conducted a field interview during which Defendant stated that he was a citizen of Mexico, without documents to enter the United States. Defendant also stated that he intended to see his girlfriend in the United

1  States.  Defendant was arrested and taken to the Imperial Beach Border Patrol Station for processing.

2  At the Border Patrol Station, Defendant's fingerprints and photograph were entered into the

3  Department of Homeland Security's databases.  The database queries revealed that Defendant had

4  prior felony convictions and a prior deportation.

5  **B.    POST-MIRANDA STATEMENT**

6  At approximately 4:19 a.m., Border Patrol Agent Javier Zuniga advised Defendant of his

7  <u>Miranda</u> rights in the Spanish language.  Defendant waived his <u>Miranda</u> rights and agreed to speak

8  with the agents.  Defendant admitted that he was a citizen of Mexico, that he was previously

9  deported, and that he has never applied for permission to re-enter the United States.  Defendant also

10  stated that he did not have a destination in the United States because he was under the influence of

11  alcohol.

12  **C.    DEFENDANT'S CRIMINAL HISTORY**

13  On August 29, 1991, Defendant was convicted of transportation/sale of narcotics in violation

14  of Cal. Health & Safety Code § 11352 and he was sentenced to 180 days jail and 36 months

15  probation.  On May 13, 1992, Defendant was convicted of transportation/sale of narcotics in

16  violation of Cal. Health & Safety Code § 11352 and he was sentenced to three years' custody.  On

17  September 16, 1996, Defendant was convicted of evading a peace officer in violation of Cal. Motor

18  Vehicle Code § 2800.2 and he was sentenced to two years' custody.  On January 26, 2000,

19  Defendant was convicted of driving under the influence of alcohol in violation of Cal. Motor

20  Vehicle Code § 23152(A) and he was sentenced to five years' custody.  On June 21, 2001,

21  Defendant was convicted of evading a peace officer in violation of Cal. Motor Vehicle Code §

22  2800.2 and he was sentenced to three years' custody. On August 2, 2002, Defendant was convicted

23  of false claim to United States citizenship in violation of 18 U.S.C. § 911 and he was sentenced to

24  18 months' custody.  On September 28, 2006, Defendant was convicted of driving under the

25  influence of alcohol in violation of Cal. Motor  Vehicle Code § 23152(B) and he was sentenced to

26  two years' custody.

27  **D.    DEFENDANT'S IMMIGRATION HISTORY**

28  Defendant has been removed from the United States on at least eight occasions.  Most

1 recently, Defendant was removed from the United States on October 15, 2007. An immigration

2 judge ordered Defendant removed from the United States on July 14, 1995.

### III

### DISCUSSION

### A.    THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1] To date, the United States has produced 111 pages of discovery, one cd, and an audiotape of Defendant's deportation to Defendant's counsel including investigative reports. As of today, the United States has received no reciprocal discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and requests that no order be entered compelling specific discovery in light of the Government's position below.

### 1.    Defendant's Statements

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant his written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

### 2.    Arrest Reports

The United States does not object to this request and has already produced to Defendant all arrest reports known to the Government at this time.

### 3.    Prior Record

The United States has provided Defendant with a copy of his known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990).

---

[1]    Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1    Should the United States determine that there are any additional documents pertaining to the

2    Defendant's prior criminal record, those will be promptly provided to Defendant.

3                    **4.     Evidence Seized**

4          The United States has complied and will continue to comply with Rule 16(a)(1)(E) in

5    allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

6    evidence seized that is within its possession, custody, or control, and that is either material to the

7    preparation of Defendant's defense or is intended for use by the United States as evidence during

8    its case-in-chief at trial, or was obtained from or belongs to Defendant.

9                    **5.     Tangible Objects**

10         The United States has complied and will continue to comply with Rule 16(a)(1)(E) in

11   allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible

12   objects that are within its possession, custody, or control, and that is either material to the

13   preparation of Defendant's defense or is intended for use by the United States as evidence during

14   its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however,

15   need not produce rebuttal evidence in advance of trial.  See United States v. Givens, 767 F.2d 574,

16   584 (9th Cir. 1984).

17                   **6.     Preservation of Evidence**

18         As stated above, the United States will preserve all evidence to which the Defendant is

19   entitled pursuant to the relevant discovery rules.

20                   **7.     Reports of Examinations and Tests**

21         The United States will provide Defendant with any scientific tests or examinations in

22   accordance with Rule 16(a)(1)(F).

23                   **8.     Expert Witnesses**

24         The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written

25   summary of any expert testimony that the United States intends to use during its case-in-chief at trial

26   under Federal Rules of Evidence 702, 703 or 705.  If this case proceeds to trial, the Government

27   anticipates introducing expert testimony from a fingerprint examiner to establish Defendant's

28   identity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 9.    **Brady Material**

The United States has complied and will continue to comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

### 10.    **Giglio Material**

The United States has complied and will continue to comply with its discovery obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

### 11.    **Henthorn Material**

The United States will comply with its obligations under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)).  If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

### 12.    **Jencks Act Material**

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

### 13.    **Cooperating Witnesses**

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case.  The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957).  If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an <u>in</u> <u>camera</u> inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the United States determines that there is a confidential informant or cooperating witness involved in this case, the

1   United States will either disclose the identity of the informant or submit the informant's identity to

2   the Court for an in camera inspection.

3                    **14.    404(b) Material**

4          The United States will disclose, in advance of trial, the general nature of any "other bad acts"

5   evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence

6   404(b). The United States has previously provided discovery of this conviction and will provide a

7   copy of the reports related to this event.

8                    **15.    Witnesses**

9          The United States will provide a list of witnesses in its trial memorandum. The grand jury

10  transcript of any person who will testify at trial will also be produced.

11                   **16.    Alien File**

12         The United States will make Defendant's A-file available for inspection at a time mutually

13  convenient to the parties and will continue to perform its duty under Brady and the discovery rules

14  to disclose all material exculpatory information or evidence favorable to Defendant that is contained

15  in the A-File. The documents in the A-File are not exculpatory. Most of the documents are highly

16  incriminating in nature. The documents include numerous documents related to Defendant's

17  immigration history and his criminal history. The documents establish that Defendant is an illegal

18  alien with a felony criminal record who has been legally deported, removed from the United States,

19  admonished of the criminal sanctions under 8 U.S.C. § 1326, and, despite the prior warnings,

20  subsequently reentered the United States without applying for permission. The Government will

21  provide all documents that fall within the scope of Rule 16.

22         **B.    DEFENDANT'S MOTION TO DISMISS THE INDICTMENT SHOULD BE
               DENIED**

23

24         Defendant argues that he was under constant surveillance by Government authorities and

25  therefore, he was not free from official restraint for purposes of having made entry into the United

    States. Defendant argues that the Government cannot prove that Defendant entered the United
26
    States. Whether or not the Government has sufficient evidence to prove each of the elements of a
27
    given offense is an issue that is better resolved at trial rather than by way of motion to dismiss an
28

                                         7                          08CR1808-IEG

indictment.  Regardless, Defendant's motion to dismiss the indictment has now been overcome by events.  On August 13, 2008, Defendant's indictment was superseded by an indictment alleging attempted re-entry of a deported alien.  The offense of attempted re-entry does not include as an element "entry into the United States."  The elements the Government must prove beyond a reasonable doubt for an attempted entry offense are:

1.    Defendant was deported from the United States;

2.    Defendant had the conscious desire to reenter the United States without consent;

3.    Defendant committed an overt act that was a substantial step towards reentering the United States without consent;

4.    Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

5.    Defendant was an alien at the time of the defendant's attempted reentry into the United States.

See 9th Cir. Model Crim. Jury Instructions 9.5A (2007); United States v. Gracidas-Ulibarry, 231 F.3d 1188 (9th Cir. 2000).

Defendant's motion to dismiss the indictment should be denied.

## C.    DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING SHOULD BE DENIED

Defendant's request for an evidentiary hearing was based entirely upon his motion to dismiss the indictment.  As stated above, Defendant's motion to dismiss the indictment was based upon his assertion that he was under official restraint at the time of his apprehension and therefore he did not make an entry into the United States. This issue is now moot because of the superseding indictment. Any request for an evidentiary hearing merely to clarify the apprehending agent's reports is misplaced.  There is no valid purpose for such an evidentiary hearing and the request for an evidentiary hearing should be denied.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.   DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY SHOULD BE DENIED

On August 13, 2008, Defendant filed a motion to compel further discovery.  Specifically, Defendant requested documents from Defendant's state court convictions, Brady material, Defendant's A-file, deport tapes from Defendant's 1991 deportation, and grand jury transcripts.

The Government has complied with all discovery rules and has produced 111 pages of discovery and the tape recording of Defendant's deportation proceeding.  The Government objects to Defendant's request for state court conviction documents.  The Government has produced all of the documents related to Defendant's state court convictions that are currently in the Government's possession.

The Government has complied with its obligations under Brady and will continue to do so.

The Government objects to the Defense request for grand jury transcripts.  Defendant fails to support his motion for the transcripts with anything even remotely approximating the requisite need to invade the sanctity of the grand jury's deliberations.  As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy.  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). Defendant has not suggested any ground on which proceedings before the grand jury would warrant dismissal of the indictment.  It is well settled that the grand jury may indict someone based on inadmissible evidence or evidence obtained in violation of the rights of the accused.  See United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); United States v. Calandra, 414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination) ; Lawn v. United States, 355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969); Johnson v. United States,

1    404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th Cir. 1968);  Huerta v.

2    United States, 322 F.2d 1 (9th Cir. 1963).

3            The Ninth Circuit has recognized the grand jury's unique history, secrecy, and role.  See

4    United States v. Navarro-Vargas, 408 F.3d 1184, 1188-1201 (9th Cir. 2005).  Tracing the history

5    of the grand jury from English common law, the U.S. Supreme Court has observed that grand jurors

6    were not hampered by technical or evidentiary laws, and traditionally could return indictments based

7    not on evidence presented to them at all, but on their own knowledge of the facts.  See Costello, 350

8    U.S. at 363.  In light of this tradition, the Court held that "neither the Fifth Amendment nor any other

9    constitutional provision prescribes the kind of evidence upon which grand juries must act," and that

10    grand jury indictments could not be challenged based on the insufficiency or incompetence of the

11    evidence.  Id.  Rather, "[a]n indictment returned by a legally constituted and unbiased grand jury,

12    like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the

13    charge on the merits."  Id. at 409.

14

15        E.    THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S MOTION
              TO GRANT LEAVE TO FILE FURTHER MOTIONS PROVIDED THE
              MOTION IS BASED ON NEW INFORMATION

16

17            The Government does not object to the granting of leave to allow Defendant file further

18    motions as long as the additional motions are based on newly discovered evidence or discovery

19    provided by the Government subsequent to the instant motion at issue.

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VI

## <u>CONCLUSION</u>

For the foregoing reasons, the United States requests that the Court deny Defendant's Motions, except where unopposed.

Dated: August 27, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

11

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERBERTH MORALES-SOSA,<br><br>Defendant. | )  Criminal Case No.  08CR1808-IEG<br>)<br>)<br>)  **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

1.    COMPEL DISCOVERY;
2.    DISMISS INDICTMENT;
3.    GRANT EVIDENTIARY HEARING;
4.    COMPEL FURTHER DISCOVERY; AND
5.    GRANT LEAVE TO FILE FURTHER MOTIONS.

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Robert C. Schlein, Esq., Robert@rcslaw.org**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP