KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1808-IEG |
|---|---|---|
| Plaintiff, | ) | DATE: September 2, 2008 |
| | ) | TIME: 2:00 p.m. |
| | ) | |
| | ) | GOVERNMENT'S NOTICE OF MOTION |
| HERBERTH MORALES-SOSA, | ) | AND MOTION FOR RECIPROCAL |
| | ) | DISCOVERY AND FINGERPRINT |
| Defendant. | ) | EXEMPLARS |
| | ) | |
| _____ | ) | |

NOTICE OF MOTIONS

TO: Robert C. Schlein, Esq., Counsel for defendant Herberth Morales-Sosa,

PLEASE TAKE NOTICE that on Tuesday, September 2, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery and Fingerprint Exemplars.

//
//
//
//
//

MOTIONS

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will hereby move the court for an order granting the Government's motions for reciprocal discovery and fingerprint exemplars.

DATED:   August 26, 2008.

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        s/ A. Dale Blankenship
        A. DALE BLANKENSHIP
        Assistant United States Attorney
        Attorneys for Plaintiff
        United States of America
        Email: Dale.Blankenship@usdoj.gov

1  KAREN P. HEWITT
   United States Attorney
2  A. DALE BLANKENSHIP
   Assistant United States Attorney
3  California State Bar No. 235960
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6199/(619) 235-2757 (Fax)
   Email: Dale.Blankenship@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10
11 UNITED STATES OF AMERICA,    )   Criminal Case No. 08CR1808-IEG
                                )
12            Plaintiff,        )   DATE: September 2, 2008
                                )   TIME: 2:00 p.m.
13            v.                )
                                )   STATEMENT OF FACTS AND
14 HERBERTH MORALES-SOSA,       )   MEMORANDUM OF POINTS AND
                                )   AUTHORITIES IN SUPPORT OF
15            Defendant.        )   GOVERNMENT'S MOTION FOR
                                )   RECIPROCAL DISCOVERY AND
16 _____ )   FINGERPRINT EXEMPLARS

17     COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18 KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States

19 Attorney, and hereby files the attached statement of facts and memorandum of points and authorities

20 in support of government's motion for reciprocal discovery and fingerprint exemplars.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

**I**

**STATEMENT OF THE CASE**

On June 4, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on June 26, 2008, and entered a not guilty plea. On August 13, 2008, the grand jury returned a one-count Indictment charging Defendant with attempted reentry after deportation in violation of Title 8, United States Code, Section 1326.

On July 18, 2008, Defendant filed a motion for discovery and leave to file further motions. On July 21, 2008, Defendant filed a motion to preserve evidence, however, Defendant did not file points and authorities in support of this motion, nor did he specify what evidence he seeks to preserve. On July 28, 2008, Defendant filed a motion to dismiss the indictment and grant an evidentiary hearing. On August 13, 2008, Defendant filed a motion to compel further discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.    INSTANT OFFENSE**

On March 20, 2008, United States Border Patrol agents observed four individuals heading north of the area known as "Stewart's Bridge." This is an area is commonly used by undocumented aliens to further their entry into the United States. This area is located approximately 300 yards north of the United States/Mexico border and approximately 1.5 miles west of the San Ysidro, California, Port of Entry. The agents notified Border Patrol Agent Andrew H. Webster who then responded to the area.

Agent Webster arrived in the area at approximately 1:00 a.m., and began walking eastbound next to the Tijuana River. After traveling east along the river for approximately 100 yards, Agent Webster encountered four individuals, including the Defendant. Agent Webster conducted a field interview during which Defendant stated that he was a citizen of Mexico, without documents to enter the United States. Defendant also stated that he intended to see his girlfriend in the United States. Defendant was arrested and taken to the Imperial Beach Border Patrol Station for processing.

At the Border Patrol Station, Defendant's fingerprints and photograph were entered into the

Department of Homeland Security's databases. The database queries revealed that Defendant had prior felony convictions and a prior deportation.

### B.  POST-MIRANDA STATEMENT

At approximately 4:19 a.m., Border Patrol Agent Javier Zuniga advised Defendant of his Miranda rights in the Spanish language. Defendant waived his Miranda rights and agreed to speak with the agents. Defendant admitted that he was a citizen of Mexico, that he was previously deported, and that he has never applied for permission to re-enter the United States. Defendant also stated that he did not have a destination in the United States because he was under the influence of alcohol.

### C.  DEFENDANT'S CRIMINAL HISTORY

On August 29, 1991, Defendant was convicted of transportation/sale of narcotics in violation of Cal. Health & Safety Code § 11352 and he was sentenced to 180 days jail and 36 months probation. On May 13, 1992, Defendant was convicted of transportation/sale of narcotics in violation of Cal. Health & Safety Code § 11352 and he was sentenced to three years' custody.  On September 16, 1996, Defendant was convicted of evading a peace officer in violation of Cal. Motor Vehicle Code § 2800.2 and he was sentenced to two years' custody. On January 26, 2000, Defendant was convicted of driving under the influence of alcohol in violation of Cal. Motor  Vehicle Code § 23152(A) and he was sentenced to five years' custody. On June 21, 2001, Defendant was convicted of evading a peace officer in violation of Cal. Motor Vehicle Code § 2800.2 and he was sentenced to three years' custody. On August 2, 2002, Defendant was convicted of false claim to United States citizenship in violation of 18 U.S.C. § 911 and he was sentenced to 18 months' custody. On September 28, 2006, Defendant was convicted of driving under the influence of alcohol in violation of Cal. Motor Vehicle Code § 23152(B) and he was sentenced to two years' custody.

### D.  DEFENDANT'S IMMIGRATION HISTORY

Defendant has been removed from the United States on at least eight occasions. Most recently, Defendant was removed from the United States on October 15, 2007. An immigration judge ordered Defendant removed from the United States on July 14, 1995.

//

//

**III**

**GOVERNMENT'S MOTIONS**

**A.    UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 111 pages of discovery, and 1 cd to Defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.    THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED**

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of

1  Defendant's fingerprints for comparison.

2  Defendant's fingerprints are not testimonial evidence.  See Schmerber v. California, 384 U.S.
3  757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's
4  Fifth Amendment right against self-incrimination.  See United States v. DePalma, 414 F.2d 394, 397
5  (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968).  The United States therefore
6  respectfully requests that the Court order that Defendant make himself available for fingerprinting by
7  the United States' fingerprint expert.

### IV

### CONCLUSION

10  For the foregoing reason, the Government respectfully requests that its motions for reciprocal
11  discovery and fingerprint exemplars be granted.

12  DATED:  August 27, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>HERBERTH MORALES-SOSA,<br><br>        Defendant. | Criminal Case No. 08CR1808-IEG<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

   I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   **Robert C. Schlein, Esq., Robert@rcslaw.org**

   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   **None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

   I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2008.

                    s/ A. Dale Blankenship
                    A. DALE BLANKENSHIP